UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN SMITH,

                    Petitioner,

                                            Case No. 2:23-cv-96

v.

                                              Honorable Maarten Vermaat

BARBRA STOREY,

                    Respondent.

_____/

## **<u>OPINION</u>**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 7, PageID.6; ECF No. 10, PageID.31–32.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition includes issues for which Petitioner has failed to exhaust his state court remedies. That failure to exhaust warrants dismissal of the entire petition without prejudice.

In Petitioner's case, however, such a dismissal would jeopardize the timeliness of Petitioner's already-exhausted claims if, and when, he returns to this Court following exhaustion of the presently unexhausted claims. Accordingly, under *Rhines v. Weber*, 544 U.S. 269 (2005), and *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Court will dismiss Petitioner's unexhausted claims and stay proceedings on Petitioner's exhausted claims, holding them in abeyance pending Petitioner's compliance with the Court's directions regarding exhaustion of state court remedies and subsequent return to this Court.

<u>**Discussion**</u>

## I.    **Factual and Procedural Background**

Petitioner Kevin Smith is incarcerated with the Michigan Department of Corrections at the Kinross Correctional Facility in Kincheloe, Chippewa County, Michigan. On June 17, 2016, following a multi-day jury trial in the Ingham County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct (CSC-I), in violations of Mich. Comp. Laws § 750.520b, and one count of second-degree criminal sexual conduct (CSC-II), in violation of

Mich. Comp. Laws § 750.520c.[2] On July 27, 2016, the court sentenced Petitioner to sentences of 15 years to 22 years, 6 months for the CSC-I conviction and 5 years, 11 months to 15 years for the CSC-II conviction.

Petitioner directly appealed his convictions. His appeal remained pending in the Michigan courts for more than five years. On February 2, 2022, the Michigan Supreme Court denied Petitioner's application for leave to appeal. One year and 90 days later, on May 3, 2023, Petitioner filed a document in the United States District Court for the Eastern District of Michigan. That document asked the Eastern District of Michigan to stay proceedings in the federal courts pending Petitioner's motion for a new trial. The document described the judgment he intended to attack by way of a habeas petition: a judgment entered by the Ingham County Circuit Court on July 27, 2016. (Pet'r's Mot., ECF No. 1, PageID.2.) And it described Petitioner's procedural path through the Michigan appellate courts. (*Id*., PageID.2–3.)

---

[2] The facts underlying Petitioner's convictions were set out by the Michigan Court of Appeals as follows:

> This case concerns allegations that defendant sexually assaulted his minor cousins, DG and KG. DG testified that defendant digitally penetrated her vagina when she was about 5 years old; grabbed her breasts and digitally penetrated her vagina when she was about 12 years old; forced her to manipulate his penis on one occasion when she was between the ages of 11 and 14 years old; and penetrated her vagina with the handle of a screwdriver when she was about 13 years old, among other instances of impropriety. KG testified to similar instances of assault or impropriety.

*People v. Smith*, No. 334692, 2020 WL 1330334, at *1 (Mich. Ct. App. Mar. 19, 2020) *lv. app. den.* 969 N.W.2d 57 (Mich. 2022). According to the Michigan Court of Appeals, "[t]he jury acquitted [Petitioner] concerning an alleged incident involving KG[, the victim's twin sister,] and could not reach a verdict regarding a third alleged incident involving DG[, the victim]." *People v. Smith*, No. 334692, 2018 WL 3862077, at *1 n.1 (Mich. Ct. App. Aug. 14, 2018) *vacated on other grounds* 934 N.W.2d 213 (Mich. 2019).

The United States District Court for the Eastern District of Michigan docketed Petitioner's request for a stay as if it were a request for habeas relief to ensure that Petitioner did not lose any rights while his request for relief was pending; but the document fell short in several respects. First, the Rules Governing § 2254 Cases require that a habeas petition "specify all the grounds for relief available to the petitioner; . . . state the facts supporting each ground; . . . [and] be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner . . . ." Rule 2(c), Rules Governing § 2254 Cases. Petitioner's document does not provide any of this required information.

The document was purportedly signed by Petitioner; however, his name is only typewritten on the document. (Pet'r's Mot., ECF No. 1, PageID.3.) And, the document was filed by the offices of Tieberlaw in Lansing, Michigan; but, it does not appear that any attorney from that office filed an appearance in the United States District Court for the Eastern District of Michigan or in this Court.

Additionally, a habeas petition submitted by a person in state custody may be filed in the district where the person is in custody or in the district where the person was convicted and sentenced. *See* 28 U.S.C. § 2241(d). At the time the petition was filed, Petitioner was in custody in the Kinross Correctional Facility in Kinross, Michigan. That facility, and the court where Petitioner was convicted and sentenced, are located in the Western District of Michigan. For that reason, the Eastern District Court transferred the action here on May 23, 2023. (Order, ECF No. 3.)

Since the transfer, Petitioner paid the filing fee and filed a statement consenting to proceed before a United States Magistrate Judge, (ECF No. 7). On June 21, 2023, counsel, Mary Chartier, appeared on Petitioner's behalf. Under counsel's signature, Petitioner moved the Court to stay

consideration of his initial motion to stay for six months because the attorney who filed Petitioner's initial motion, Kristoffer Tieber, was "[a]t the time of the filing . . . not a licensed attorney" and, at the time the most recent motion was filed, had been experiencing significant medical issues and was hospitalized. (Pet'r's 2nd Mot. to Stay, ECF No. 8, PageID.8–9.) Indeed, it appears that Mr. Tieber passed away the very day the motion was filed. *See* https://www.watkinsfuneralhomes. com/obituaries/Kristoffer-William-Tieber?obId=28244705 (last visited Oct. 23, 2023).

In the initial motion for stay, (ECF No. 1), Petitioner sought relief because he wanted to pursue "another viable federal issue through the state courts of Michigan." (Pet'r's Mot., ECF No. 1, PageID.2.) Petitioner did not identify that issue. Moreover, Petitioner did not identify any federal issues for which he had already exhausted his state remedies.

The Court concluded that until Petitioner filed a habeas petition, there was no proceeding for the Court to stay. The Court directed Petitioner to file a habeas petition within 28 days. On the 28th day, Petitioner filed his amended petition raising five grounds for relief, as follows:

I.     Trial counsel did not object to voluminous amounts of evidence in this criminal sexual conduct case in which there was no direct evidence other than the claims made by the complainants, who are sisters. The detective vouched for the complainants by essentially saying that she thoroughly investigated the case and found no reason for the complainants to lie. She said her job was to weed out cases that should not be referred to the prosecutor's office. In essence, she presented herself as a human lie detector who vouched for the credibility of the complainants. Another expert witness said that he believed that the complainants provided clear histories of being sexually molested by Mr. Smith. He also went on to conclude that they had been molested. He described a "medical finding" of a "transection" that clearly supports an allegation of sexual abuse.

II.    A medical doctor who practiced in pediatrics was allowed to testify outside of his expertise. The medical doctor was allowed to testify as to memory and psychology issues related to the two adult complainants—two areas that he was not qualified to opine in. He testified about how children remember and vouched for the complainants "vivid" memories as being indicative of the truth.

III. The jury asked a question during deliberation and an improper response was provided. The jury question was, "Are the separate counts limited to the specific incident locations identified by the prosecution during closing arguments." The court—and the lawyers—recognized that there were multiple incidents that could form the basis for the counts, especially count 3, because of the admission of "other acts." But the jury was not provided with any guidance on its constitutional responsibility to reach a unanimous verdict. The jury could all believe that a different act of touching occurred and then convict Mr. Smith on this basis, which is unconstitutional.

IV. Trial counsel did not present expert evidence to combat the medical doctor's claim that he found "medical evidence" to support sexual assault that supposedly occurred years earlier and to combat his claims about memories and psychology. As to the medical "findings," there was no direct evidence other than the claims made by the complainants, who are sisters. The government's "expert['']" described a "medical finding" of a "transection" that he claimed clearly supports an allegation of sexual abuse, but a preliminary review of medical literature indicates that this claim is not supported by science. Likewise, there was no expert testimony presented to combat the flawed expert testimony about memory and psychology. Trial counsel did not present an expert to combat this testimony. Appellate counsel raised the issue of this improper testimony, but counsel did not present expert testimony—initially in the form of affidavits—to support the improper testimony that was admitted at trial.

V. Trial counsel did not contact and investigate witnesses who were present when the supposed sexual assaults occurred. Mr. Smith provided a list of these witnesses to trial counsel. Trial counsel also did not investigate the case and present evidence that would have impeached the complainants' claims, such as statements they had previously made that were contrary to their claims in court. These witnesses and this evidence would have provided evidence that the complainants were not credible in their claims.

(Am. Pet., ECF No.10, PageID.22–30.)

## II. Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a

petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner alleges that habeas grounds I and II were exhausted on his direct appeal. Habeas grounds III, IV, and V, however, were not raised in the Michigan courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan,* 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state

court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue, unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

### III.   "Stay and Abey" Remedy

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 2, 2022**.** Petitioner did not petition for certiorari to the United

9

States Supreme Court, (Am. Pet., ECF No. 10, PageID.19), though the ninety-day period in which

he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A).

*See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on May

3, 2022.   Accordingly, absent tolling, Petitioner would have one year, until May 3, 2023**,** in which

to file his habeas petition. Petitioner filed the instant petition on May 3, 2023, the last day in the

limitations period.

The running of the statute of limitations is tolled while "a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an

application for state post-conviction or other collateral relief until a decision is issued by the state

supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007)*.* The statute is not tolled during the time

that a Petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus,

so long as Petitioner's request for collateral review is pending, the time will not count against him.

But, until he files his motion and after the Michigan Supreme Court rules on his application for

leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated

that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction

relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return

to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also*

*Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling

under *Palmer*).

In the instant case, there are no days left in the period of limitation. Petitioner therefore

would not have the necessary 30 days to file a motion for post-conviction relief or the additional

30 days to return to this court before expiration of the statute of limitations. As a result, were the

Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. The Court concludes that Petitioner has made a colorable claim of good cause for his failure to exhaust before filing his habeas petition; that his unexhausted claims are not plainly meritless on their face; and (3) there is no evidence that he has engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277–78. Accordingly, the Court will proceed with the "stay and abey" remedy.

An Order consistent with this Opinion will be entered.


Dated:   October 24, 2023                          /s/ *Maarten Vermaat*
                                                   Maarten Vermaat
                                                   United States Magistrate Judge

11